## David's Estate (No. 2).

The facts appear from the following extracts from the adjudication and supplemental adjudication of

HENDERSON, J., Auditing Judge.—William M. David, the testator, died November 16, 1884, leaving a will duly probated November 20, 1884.

The fund contained in this account is the share held in trust for Elizabeth Wandell Smith, testator's daughter, under the residuary clause of the will.

The account is filed because of her death on December 2, 1930, without issue.

The testator was survived by his widow, Elizabeth W. David, and four children, William P., Edward M., James O. and Elizabeth W. David.

Elizabeth W. David, widow, died August 5, 1911.

William P. David died November 5, 1911, survived by six children, Elizabeth U. D. Francis, Anne F. David, Frances Lee Mitchell, William M. David, John W. David and Julia W. Allen, and no issue of deceased children.

Edward M. David died in June, 1915, survived by four children, Anna D. Carson, William M. David, Edward W. David and M. Frances David, and no issue of deceased children.

James O. David is living.

Elizabeth W. David, who later became Elizabeth Wandell Smith, died as stated above on December 2, 1930, without issue.

The residuary clause provides as follows:

"All the rest, residue and remainder of my Estate I give devise and bequeath unto my Executors hereinafter named and the survivors and survivor of them in trust to invest and reinvest the same and keep the same invested and to accumulate and reinvest the income thereof until the death of my wife and upon and immediately thereafter to divide my said residuary estate equally among such of my children as shall then be living and the issue of those who may be dead and in case of the death of any of my said children without leaving issue behind them their share of my said residuary estate shall be divided among their surviving brothers and sister or the issue of such of them as may be dead; and I direct that upon the said division my said trustees shall pay Twenty-five Thousand Dollars, ($25,000) out of the share of each of my said sons should they then be living and the whole of the share of my said daughter to some reliable Trust Company in trust to invest the same and pay the income thereof to each of them during the term of their respective lives and upon the death of any of my said sons to pay the share of the one so dying to such person or persons as they or either of them shall by their last will or instrument in the nature thereof direct and in default of such appointment to their right heirs and as to the share of my said daughter to pay the same to her children surviving her and in default of children then the same shall fall into the residue of my Estate. And the balance of the said residue after reserving the sums above mentioned they shall pay as above directed clear of all trusts."

It is contended by the executors of Elizabeth Wandell Smith that upon the death of the widow, the residuary clause provides: "and upon and immediately thereafter [death of the widow] to divide my said residuary estate equally among such of my children as shall then be living . . . ," and as Mrs. Smith survived her mother, her share then vested. This would be true if the later clause, which I will now construe, does not create a valid and subsisting trust.

This trust for the daughter, Mrs. Smith, is "to invest," etc. This involves the exercise of a discretion and judgment and hence under the authorities set out in my adjudication under the eighth clause and filed this day (David's Estate (No. 1), 16 D. & C. 399), this trust is active and of a different quality from the remainder and no coalescence takes place. These authorities are included here by reference and need not be repeated.

The further question arises as to the final disposition of these funds. This part of the residuary clause provides: "In default of children then the same shall fall into the residue of my Estate. And the balance of the said residue after reserving the sums above mentioned they shall pay as above directed clear of all trusts."

It should be observed that while we are dealing with the residuary clause, this provision thereof provides that upon the death of the daughter, childless, her share shall fall into the residue.

This, in my opinion, means the sons of the decedent—the brothers of Mrs. Smith. See Crock's Estate, 231 Pa. 271. This result would be reached if we regard this clause as a residue of the residue, or as a perpetually revolving trust as in Massey's Estate, 1 D. & C. 445, wherein, under a similar state of facts, I said:

"To whom, then, is this estate to be awarded? Counsel for the executor of the will of Helen F. Massey argues that there is either an out-and-out gift of the accrued shares of the respective daughters or there is an intestacy.

"The title to the accrued shares is certainly not in the daughters respectively, because the will directs that they shall be held subject to the trust.

This contention might have succeeded if the gift had simply been 'in trust' without defining it in the way in which it is defined in this will—'upon the trusts above mentioned.'

"Likewise, I cannot adopt the theory of intestacy, because there is undoubtedly a gift of half of this fund in remainder to Walter. The fund must pass to Margaret's estate, not for any distribution to her, as she is dead, but for distribution to those named in remainder; and likewise, when we have there made distribution, one-half must be returned to Helen's trust for the purpose of again complying with the terms of this will, under which Walter's estate will again take one-half, and so on *ad infinitum*. In other words, each time the terms of these trusts are complied with, it results in giving Walter (or rather Walter's estate) one-half of what remains.

"In Atkinson *v.* Jones, I Johnson's Chancery Reps. 246, we have a trust very similar to the one now being interpreted, and therein Vice Chancellor Wood said: 'Treating it as a mathematical proposition, I find, upon this construction, a full moiety of the residue effectually given by each daughter; and, treating it simply as a practical question, the law would say that, if a moiety is given down to a farthing, it is given altogether.'

"I, therefore, conclude that the whole fund now before me for distribution must be awarded to Walter's estate."

The entire fund will be awarded equally to James O. David, William P. David and Edward M. David.

As one of these sons died in 1911 and the other in 1915, payment may be made directly to the persons entitled to their real and personal estates, subject to such inheritance tax as may be due, if counsel will present a petition within fifteen days setting out the necessary facts.

If in the distribution of the shares of William M. David and Edward M. David, it appears that their real and personal estate devolves upon different persons, accountant is directed to set forth in the schedule of distribution hereinafter directed how much of the balance of principal represents personal property and real estate converted prior to the respective deaths of William P. David and Edward M. David, and how much represents real estate remaining or converted after their respective deaths, which will be awarded accordingly. . . .

*Supplemental adjudication.*

In my adjudication filed October 2, 1931, by inadvertence I omitted a finding that Elizabeth Wandell Smith was not in contemplation of marriage at the time of her father's death, and did not marry Alfred Percival Smith until 1890. This finding was made in the adjudication of the account under item eighth of the will, and is now made here.

*Duane, Morris & Heckscher,* for exceptants; *Raymond M. Remick,* contra. *Daniel R. Rothermel,* for accountant.

PER CURIAM, January 22, 1932.—On the death of his wife, testator directed that the residue of his estate should be divided equally among such of his children as should then be living and the issue of such as should then be dead, and he provided as a method of such division that $25,000 out of the share of each son and the whole of the share of the said daughter should be paid to some reliable trust company to invest and pay the net income to the respective *cestuis que trustent* for life. As each *cestui que trust* died, if a son, his appointee took, and in default of the exercise of the power then to such son's "right heirs;" if the daughter, her share was to be paid "to her children surviving her," and in default of children, then the same was to fall into the residue. The daughter died leaving no children, and the Auditing Judge was

correct in ruling that the rule in Shelley's Case did not apply and that Crock's Estate, 231 Pa. 271, and Massey's Estate, 1 D. & C. 445, were authorities, and in invoking the principle thereof and awarding the estate to the estates of the sons.

For the reasons given by the Auditing Judge, we dismiss all exceptions and direct that the adjudication be confirmed absolutely.